**NOT FOR PUBLICATION OR CITATION**
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-CV-173-HRW

JAMIL AHMAD                                                                                              PETITIONER

VS:          **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, ET AL.                                                                      RESPONDENTS

The petitioner, an inmate at FCI-Ashland, Kentucky, has filed, *pro se,* a fee-paid 28 U.S.C. § 2241 writ of habeas corpus.

## CLAIMS

The petitioner alleges:

(1) a Fifth Amendment due process violation due to segregation confinement;

(2) a Fifth Amendment due process and equal protection violation by Disciplinary Hearing Officer Jenkins for not giving the petitioner a copy of the disciplinary hearing disposition; and

(3) Fifth Amendment due process and Sixth Amendment effective assistance of counsel and speedy trial violations by his trial court.

## RELIEF

The petitioner seeks release from "involuntary placement," a court hearing, and a personal appearance before this Court.

## SEGREGATION

The petitioner has not stated a segregation confinement claim. The United States

1

Constitution does not make an inmate's freedom from segregation a protected liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 468, 74 L.Ed.2d 675, 103 S.Ct. 864 (1983); *Montanye v. Haynes*, 427 U.S. 236, 242 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or that the government's action will affect the duration of his sentence. *Id.* at 487. A prisoner's claim that he was wrongfully held in segregation following an allegedly false disciplinary charge fails to state a due process claim if the restraint did not involve an atypical and significant hardship on that prisoner. *Morris v. Cason*, 102 Fed. Appx. 902, 2004 WL 1326066 (6th Cir. (Mich.)) (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). The petitioner has not made that showing and, thus, he has not set forth a cognizable claim regarding segregation confinement.

### DISCIPLINARY HEARING DISPOSITION COPY

The petitioner claims his Fifth Amendment due process and equal protection rights were violated by Disciplinary Hearing Officer Jenkins when Jenkins would not give the petitioner a copy of the disposition of the petitioner's disciplinary hearing. The petitioner candidly admits that the cause of Jenkins not giving the petitioner the requested copy was the petitioner's refusal to comply with procedures, in that the petitioner refused to authenticate the record by signing a document acknowledging that he had received said copy. Thus, the petitioner has admitted that it was not Jenkins' conduct so much as it was the petitioner's own conduct that caused the complained-of copy deprivation. Consequently, Jenkins has not committed a constitutional violation and the petitioner has not set forth a viable claim.

JURISDICTION

The petitioner, in essence, seeks to challenge his underlying conviction which was obtained in the United States District Court for the Southern District of Indiana. Generally, he may not do this within a 28 U.S.C. §2241 writ of habeas corpus. Under highly exceptional circumstances, a federal prisoner may challenge his conviction or the imposition of his sentence under §2241, as opposed to §2255. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). The prisoner has the burden of proving that his remedy under §2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 803-04 (6th Cir. 2003). The petitioner has made no effort to establish that §2255 is inadequate or ineffective to test the legality of his detention. Absent additional information, it appears that the petitioner should bring these claims before his federal sentencing court. *See Garrett v. Snyder*, 41 Fed.Appx. 756, 2002 WL 1379036 (6th Cir. (Ky.)) (J. Coffman, presiding); *Myles v. United States*, 188 F.3d 508, 1999 WL 644149 (6th Cir. (Ky.)) (unpublished disposition).

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondents.

This June 27, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge